# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Arena Holdings Charitable, LLC, a Delaware limited liability company; and RE Arena, Inc., a Nevada Foreign corporation, | ) ) ) ) **PROTECTIVE ORDER** |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| Harman Professional, Inc., a Delaware corporation; and Harman International Industries, Incorporated, a Delaware corporation, | ) ) ) ) Case No. 1:12-cv-031 ) ) |
| Defendants. | ) |

The court, having considered, the Stipulation for Protective order, which was duly executed and joined in by counsel on behalf of all parties to the above captioned matter, hereby makes the following:

## **PROTECTIVE ORDER**

(1) Any documents, including without limitation, business records, proprietary information, trade secrets, client information, financial or commercial information, and the like, produced by the parties in this action pursuant to the discovery requests or otherwise, and designated and/or asserted by any party as confidential matter pursuant to Paragraph (2) shall be deemed confidential material.

(2) Basis for Designation of Material as Confidential.

A Party may designate material as "Confidential Material" based upon a belief that the material: (a) constitutes trade secrets or other confidential research, development, financial or commercial information not reasonably available to the public; (b) is subject to confidential settlement agreements and/or negotiations; (c) contains confidential information regarding clients; and/or (d) is otherwise confidential. The Parties will act in good faith in designating any material as "Confidential Material."

1

(3) <u>Procedures for Designating Confidential Material</u>.

    Documents.  Written notice of confidentiality to the receiving Party or marking a document as "Confidential Material" shall suffice to designate documents produced by a Party as Confidential Material.

    Interrogatory Answers, Responses to Document Requests, and Responses to Requests for Admissions.  Specific Interrogatory answers, responses to document requests and responses to requests for admissions may be designated by the responding Party as Confidential Material by identifying the specific answer or response with "Confidential Material" or by written notice of confidentiality to the receiving Party.

    Deposition Testimony.  A Party may designate portions of deposition testimony as Confidential Material by noting same on the record during the deposition or by giving written notice to the other Party after receipt of the deposition transcript.

    Copies of Confidential Material.  All copies of any document which is designated as "Confidential Material" shall be treated as confidential and subject to the terms of this Agreement.

(4) These confidential materials, and copies thereof, and any information contained therein or derived therefrom, shall be made available only to the following persons when needed by them in the conduct of this action:

    (a) The parties to this action and, in the case of corporate parties, only to their officers, directors, or employees to the extent they are assisting counsel in the conduct of this litigation.

    (b) Attorneys of record in this action and their partners or associate attorneys.

    (c) Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the direct supervision of partners or associate attorneys of said firm.

    (d) Any independent expert, consultant, or similar person who has been consulted for the purpose of being retained, or who has been retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants, or similar persons when working in connection with this action under the direct supervision of said persons.

(5) These confidential materials shall be securely maintained and kept confidential and will not be used in connection with the preparation and trial of this lawsuit, and for no other purpose.

(6) Counsel for the parties agree that before showing or divulging the contents of any of the confidential materials or information to anyone entitled to see or hear it under paragraph (5) above, to first obtain a signed statement from that person, in the form of **Exhibit A**, indicating that person is familiar with the terms of the protective order and promises to abide by its contents. A copy of the protective order shall be provided and/or discussed with all persons to whom confidential materials and information is disclose, and those persons shall be subject to its terms. These persons agree to jurisdiction in North Dakota over their person for the purposes of any action seeking to enforce th terms and conditions of this protective order of any action for contempt for violation of the terms of the order. For purposes of monitoring compliance with and enforcing the protective order, counsel for the parties shall maintain copies of all the signed statements from the persons to whom confidential materials or information are disclosed.

(7) No copies of any such confidential material shall be made or furnished, and no information contained therein shall be disclosed to any person, firm, or corporation except those identified in this protective order, without prior written consent of the parties.

(8) In the event that any such confidential information or materials is included with, or contents thereof are in any way disclosed by, any pleading, motion, deposition, transcript, or other paper filed with the Court, such materials shall be kept confidential and under seal under further order of the Court. **The responsibility for filing documents under seal is on the party making the electronic filing. The court will <u>not</u> on its own seal documents simply because they are marked "Confidential Materials."** (<u>See</u> Guide to Filing Sealed Documents and Motions, which is available on the Court's website.)

(9) The information and materials covered by this protective order may be used at trial, subject to this protective order and to further protective order which this Court might for good cause then enter.

(10) All documents, information, or other discovery materials covered by this protective order, all copies thereof, except for one copy to be maintained as confidential by each party's counsel, and all information contained therein, shall be destroyed at the conclusion of this litigation, and no other copies therefore shall be retained, for any reason whatsoever, by any person, firm or corporation, including attorneys, without written consent of the parties.

(11) If a party to this action wishes to modify the order or its application to certain documents or information, the parties shall first request such modification from the other parties herein, and, if no satisfactory agreement is reached, they may petition the Court for modification. Until modification is granted by agreement or order, the terms of the protective order will govern.

Dated this 26th day of July, 2012.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge